Mokphy, J.
delivered the opinion of the court.
M. Mourney is appellant from a judgment dismissing his intervention in this suit, wherein sixty-nine bales of cotton which he claims as his property, had been attached and bonded by defendant under article 259 of the Oode of Practice. It does not appear to us that the judge below erred. The attachment having been dissolved by the giving of a bond conditioned as the law requires, the cotton was no longer under the control of the court, and the intervenor’s claim should have been directed against the person in possession of his property; the condition of the bond entered into by defendant was not to hold the cotton subject to the order of the court, but to satisfy such judgment as might be rendered against him in the suit pending. This personal obligation could not be discharged by the surrender of the property attached; nor could plaintiffs, upon obtaining judgment, exercise any recourse upon it.. The bond is a substitute for the property; but only with regard to the attaching creditor, and for the sole purpose of satisfying any judgment he might [59] obtain; as to the third parties who set up a claim as owners to the property attached after it has been bonded, they must look to the property itself, not to the bond with which they have nothing to do. There is no privity of contract between the intervenor and the obligors in the attachment bond. The only judgment which could be rendered on this intervention, would be for the restoration of the cotton. Such a judgment would be nugatory because the court would be without the means of enforcing it. As to the bond, no one can avail himself of it except the plaintiff in the suit; if he fails to obtain a judgment, the bond is discharged.
The judgment of the commercial court is therefore affirmed with costs